UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AVERY GARDNER                                                                                               PLAINTIFF

v.                                           Civil No. 6-16-CV-06108-SOH-BAB

TERRY V. ZAVADIL, *et. al.*                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Avery Gardner, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment. ECF No. 13. Plaintiff Responded to the Motion using the Summary Judgment Questionnaire provided to him by the Court. ECF No. 27. After careful consideration of the briefing and sworn statement of the Plaintiff, the undersigned makes the following Report and Recommendation.

**1.      BACKGROUND**

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit. Plaintiff alleges Defendants Zavadil, King, Arnold, and Hosman failed to protect him from assault by another inmate. He alleges Defendant McGhee wrote a major disciplinary charge against him for the incident under false pretenses. He alleges Defendant Banister, as the disciplinary charge hearing officer, did not afford him sufficient due process during the ensuing disciplinary hearing concerning the incident. The alleged assault occurred on June 9, 2016, at the Ouachita River Unit. ECF No. 2. pp. 5-9.

Plaintiff proceeds against all Defendants in both official and personal capacity. ECF No. 2, p. 2. Plaintiff seeks punitive damages. ECF No. 2, p. 5.

Defendants filed their Summary Judgment Motion on December 27, 2016. ECF No.13. Plaintiff Responded on May 8, 2017. ECF No. 27. Defendant Replied to the Response on May 15, 2017. ECF No. 28.

**2.　LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**3.    DISCUSSION**

Defendants argue summary judgment in their favor is appropriate because Plaintiff failed to exhaust his administrative remedies under ADC Administrative Directive 14-16 (AD 14-16) prior to filing this lawsuit.[1]  Specifically, they argue Plaintiff failed to name any Defendant in any grievance.  ECF No. 15.

Because AD 14-16 expressly states that disciplinary charges are not grievable occurrences under the AD 14-16 grievance process (ECF No. 13-1, p. 3), the failure to protect and disciplinary charges will be addressed separately.

**A.  Exhaustion - Failure to Protect**

The Prison Litigation Reform Act ("PLRA"), mandates exhaustion of available administrative remedies before an inmate files suit.  Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances."  *Id.* at 219.  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules."  *Id.* at 218 (internal quotation marks and citation omitted).  The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the

---

[1] Defendants ask to reserve their right to address Plaintiff's claims on the merits in the event the current motion is not dispositive.  ECF No. 13, p. 1, n. 1.

3

boundaries of proper exhaustion." *Id.*

AD 14-16 requires inmates to identify the personnel involved in issue being grieved. ECF Doc. 13-1, p. 5. Based on the record, Plaintiff did not identify Defendants King, Banister, Arnold, or Hosman in any grievance, exhausted or otherwise. Plaintiff therefore did not exhaust his administrative remedies against these Defendants.

Plaintiff did name Defendant Zavadil in a grievance he signed on June 10, 2016. This grievance was received and signed by an ADC employee, but it did not receive an ADC grievance number. The main thrust of the grievance appears to be that Plaintiff felt he was being punished unjustly. However, Plaintiff also states Defendant Zavadil was not in the barracks and let other inmates out of the cell after Plaintiff was attacked. Based on this, Plaintiff appears to be linking Defendant Zavadil to the alleged assault in some way. The ADC response to this grievance was to tell Plaintiff that he would receive a disciplinary hearing. ECF No. 27, p. 6. Defendants acknowledge this grievance in their Reply, and argue that the grievance was never exhausted. ECF No. 29, p. 2.

Because the ADC response on the grievance told Plaintiff he needed to raise this argument in the disciplinary hearing and did not number the grievance for future identification in the grievance process, it appears that the ADC may have prevented Plaintiff from pursuing the grievance. This could make Plaintiff eligible for an exception to the PLRA exhaustion requirement. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 347 F.3d 736 (8th Cir. 2001) (explaining that a prisoner is only required to exhaust those administrative remedies that are available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)).

However, it is not necessary to address a possible exception to the PLRA exhaustion requirement any further, because Plaintiff failed to allege any injuries from the alleged attack. To prevail on his failure to protect claim, Plaintiff must satisfy a two prong test: show, first, that he was "incarcerated under conditions posing a substantial risk of serious harm," and, second, that the prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted). The first prong is an objective requirement to ensure the deprivation is a violation of a constitutional right. *Id.* The second, however, is subjective, requiring Plaintiff show the official "both knew of and disregarded 'an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmers,* 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk,* 508 F.3d 868, 873 (8th Cir. 2007). Negligence alone is insufficient to meet the second prong, instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County,* 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted). Further, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Plaintiff did not identify any injuries received as a result of the alleged attack. Therefore, even if Plaintiff had properly exhausted a grievance against Defendant Zavadil for failure to protect, he failed to state a cognizable failure to protect claim against any named Defendant. Thus, there is no genuine issue of material fact for the failure to protect claim, and Defendant Zavadil, King, Arnold, and Hosman are entitled to summary judgment as a matter of law.

### B. Exhaustion – Disciplinary Hearing Due Process

Plaintiff alleged he was denied due process at his disciplinary hearing because he was not permitted to present his witnesses and to properly prepare his case. He also alleges he was denied counsel. EC No. 2, p. 7. In his Summary Judgment Response, Plaintiff provided a copy of the letter denying his disciplinary charge appeal as untimely pursuant to the Inmate Disciplinary Manual, AD 16-11, and indicating he had filed the appeal on August 30, 2016. Plaintiff also provided a copy of another unnumbered grievance dated July 3, 2016, in which he asks as to the status of his disciplinary hearing on June 20, 2016. In his Summary Judgment Response, Plaintiff alleges the unit was moved, and documents were lost. He alleges he never got any responses back, and "they held onto the information I asked for." ECF No. 27, p. 2. Thus, Plaintiff appears to allege that he was prevented from filing and pursing his disciplinary charge appeal, pursuant to AD 16-11.

Defendants have not addressed the issue of Plaintiff's disciplinary charge appeal. It is clear that Plaintiff is not entitled to appointment of counsel for an ADC disciplinary charge. *See Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) (no right to either retained or appointed counsel in disciplinary proceedings). At the same time:

> [T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense ... [; however,] [p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses ... as well as to limit access to other inmates to collect statements or to compile other documentary evidence.

*Malek v. Camp*, 822 F.2d 812, 815 (8th Cir. 1987) (quoting *Wolff*, 418 U.S. at 566). Plaintiff has alleged he was denied at least some of these rights. A genuine issue of material fact therefore

remains as to the exhaustion of the ADC disciplinary charge, and the process afforded to Plaintiff concerning the disciplinary charge.

### C. Defendant McGhee – Writing of Disciplinary Charge

Plaintiff' sole allegation against Defendant McGhee appears to be that he wrote a disciplinary under false pretenses. ECF No. 2., p. 8. The filing of a false disciplinary charge against an inmate is not actionable under § 1983 unless it filed in retaliation for the inmate's exercise of a constitutional right. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). There is no allegation or summary judgment evidence this disciplinary charged was filed in retaliation for some protected right of Plaintiff. Additionally, Plaintiff did not name Defendant McGhee in any grievances. Thus, there is no genuine issue of material fact as to Defendant McGhee, and McGhee is entitled to summary judgment as a matter of law.

### 4. CONCLUSION

For the reasons stated, I recommend that Defendants' Motion for Summary Judgment (ECF No. 13) be **GRANTED** in part and **DENIED** in part. I recommend Defendants' Motion for Summary Judgment be **GRANTED** as to Plaintiff's failure to protect claim against Defendants Zavadil, King, Arnold, and Hosman, as well as his false disciplinary charge against Defendant McGhee, and Plaintiff's Complaint on these issues dismissed without prejudice. I recommend Defendants' Motion for Summary Judgment be **DENIED** as to Plaintiff's denial of due process claim for his disciplinary charge against Defendant Banister. I further recommend Defendant Banister be **DIRECTED** to submit a second Summary Judgment Motion which thoroughly briefs and provides evidence as to Plaintiff's disciplinary charge claims. Plaintiff should also then be given the opportunity to respond to this second brief.

**The parties have fourteen days from receipt of the Report and Recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of July 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE