IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AVERY GARDNER                                                                    PLAINTIFF

v.                                    Case No. 6:16-cv-6108

TERRY L. ZAVADIL; JACOB
K. KING; TERRIE L. BANISTER;
MAJOR P. ARNOLD; J. HOSMAN;
and STEVEN MCGHEE                                                              DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed July 17, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 30). Judge Bryant recommends that Defendants' Motion for Summary Judgment (ECF No. 13) should be granted in part and denied in part. Specifically, Judge Bryant recommends that Plaintiff Avery Gardner's claims against Defendants Terry L. Zavadil, Jacob K. King, Major P. Arnold, J. Hosman, and Steven McGhee should be dismissed without prejudice. Judge Bryant recommends further that Plaintiff's claim against Defendant Terrie L. Banister should remain in this case, and that Defendant Banister should be directed to submit a second summary judgment motion on the issue of Plaintiff's disciplinary-charge claim. Plaintiff has filed objections to the Report and Recommendation. (ECF No. 31). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

Plaintiff filed this action under 42 U.S.C. § 1983 in connection with time spent incarcerated in the Arkansas Department of Correction ("ADC") – Malvern Unit. Plaintiff alleges that on June 9, 2016, Defendants Zavadil, Arnold, and Hosman violated his Eighth Amendment rights by

failing to protect him from an attack by another inmate ("Inmate Evans"), in which Inmate Evans entered Plaintiff's cell and a scuffle occurred between the two.[1]  Plaintiff also alleges that Defendant McGhee wrote a major disciplinary charge against him under false pretenses, and that Defendant King delivered the disciplinary charge to Plaintiff's cell.  Plaintiff alleges further that he underwent a disciplinary hearing concerning his role in the fight, and that Defendant Banister, the disciplinary-charge hearing officer, found against him and did not afford him sufficient due process during the hearing.  On December 27, 2016, Defendants filed a motion for summary judgment, arguing for dismissal of all of Plaintiff's claims against Defendants due to Plaintiff's failure to exhaust his administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1) & (3), the Court referred this case to Judge Bryant for the purpose of making a Report and Recommendation.  On July 17, 2017, Judge Bryant issued the instant Report and Recommendation.  Judge Bryant recommended that Defendants' motion for summary judgment should be granted in part and denied in part.  Judge Bryant found that Plaintiff did not name Defendants King, Banister, Arnold, Hosman, or McGhee[2] in any grievance, exhausted or otherwise.  Judge Bryant concluded that Plaintiff therefore did not exhaust his administrative remedies as to his claims against those Defendants and recommended that, with exception of Defendant Banister, those claims should be dismissed without prejudice.  Judge Bryant recommended that Plaintiff's denial-of-due-process claim against Defendant Banister

---

[1] Specifically, Plaintiff states that Defendant Zavadil failed to be present in the barracks at the time of the attack and that afterwards, Defendant Arnold continued to put him in the same area as his attacker and Defendant Hosman transferred and/or transported Plaintiff from the Malvern Unit to the ADC – Wrightsville Unit, along with Inmate Evans.

[2] Judge Bryant also found that Plaintiff's claim against Defendant McGhee fails because the filing of a false disciplinary charge is not actionable under section 1983 unless done in retaliation for an inmate's exercise of a constitutional right.  Judge Bryant concluded that Plaintiff has not alleged that Defendant McGhee filed a disciplinary charge in retaliation for Plaintiff exercising a constitutional right, and thus Plaintiff's claim against Defendant McGhee should be dismissed.

2

should remain because Plaintiff sufficiently alleged that he was prevented from filing and pursuing his disciplinary-charge appeal. Judge Bryant also found that Plaintiff named Defendant Zavadil in an unexhausted grievance, and noted that it was possible that the Malvern Unit officers prevented Plaintiff from exhausting the grievance. However, Judge Bryant stated that this need not be addressed, concluding that Plaintiff's claim against Defendant Zavadil fails because Plaintiff did not identify any compensable injuries that he suffered in the attack by Inmate Evans. Thus, Judge Bryant recommended that Plaintiff's claim against Defendant Zavadil should be dismissed without prejudice.

On August 4, 2017, Plaintiff filed objections to the instant Report and Recommendation. According to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections.

## II. DISCUSSION

As a preliminary matter, the Court must address Plaintiff's request for appointment of counsel. Plaintiff's objections begin by stating that he is not trained in the law and request that the Court appoint him counsel. The Court will construe this as a motion for appointment of counsel. A civil litigant does not have a constitutional or statutory right to appointed counsel, but the Court may appoint counsel at its discretion. 28 U.S.C. § 1915(e)(1). The Court has considered the need for an attorney, the likelihood that Plaintiff will benefit from assistance of counsel, the factual and legal complexity of the case, and whether Plaintiff has the ability to present his case. Plaintiff has not shown that the factual and legal issues presented here are so complex that he cannot represent himself in this matter. The Court finds that Plaintiff is capable of prosecuting his claims without appointed counsel. Plaintiff may again request counsel at a later stage in this litigation if the need arises. Accordingly, Plaintiff's motion for appointment of counsel is hereby denied.

The Court now turns to Plaintiff's specific objections. Plaintiff asserts two primary objections to the Report and Recommendation. First, Plaintiff objects to Judge Bryant's recommendation that the Court should dismiss his claims against Defendant Zavadil without reaching the failure-to-exhaust issue because Plaintiff failed to identify any injuries suffered from the attack by Inmate Evans. Plaintiff also objects to Judge Bryant's finding that Plaintiff failed to exhaust his remedies as to Defendants King, Arnold, Hosman, and McGhee. The Court will first address Plaintiff's objections regarding Defendant Zavadil, and then the Court will address Defendant's objections regarding Defendants King, Arnold, Hosman, and McGhee.

**A. Defendant Zavadil**

Judge Bryant noted that Plaintiff named Defendant Zavadil in an unexhausted grievance, but opined that it is possible that ADC officials prevented Plaintiff from exhausting the grievance. However, Judge Bryant did not address that issue, instead finding that Plaintiff failed to identify any injury that he suffered during the attack by Inmate Evans. Thus, Judge Bryant concluded that Plaintiff failed to state a claim against Defendant Zavadil, and recommended that Plaintiff's claim against Defendant Zavadil should be dismissed without prejudice. Plaintiff objects, making several arguments that he did identify injuries suffered during the attack. The Court will first address whether Plaintiff identified a compensable injury, and if so, the Court will then address whether Plaintiff exhausted his administrative remedies as to his claim against Defendant Zavadil.

**1. Failure to Identify a Compensable Injury**

Judge Bryant found that Plaintiff failed to identify a specific injury suffered during the attack by Inmate Evans, and thus recommended that the Court dismiss Plaintiff's claim against Defendant Zavadil.

"Because a [section] 1983 action is a type of tort claim, general principles of tort law

require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). Eighth-Amendment claims, such as Plaintiff's failure-to-protect claim against Defendant Zavadil, require a compensable injury that is more than *de minimis*. *Cummings v. Malone*, 995 F.2d 817, 822-23 (8th Cir. 1993). However, "no clear line divides *de minimis* injuries from others," and the determination of "whether an injury is sufficiently serious is 'claim dependent.'" *Irving*, 519 F.3d at 447-48. One common-sense approach offered by the Northern District of Texas is to ask "would the injury require . . . a free world person to visit an emergency room, or have a doctor attend to . . . or . . . [provide] medical treatment for the injury?" *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997). In *Luong*, the court held that scratches, minor abrasions, and contusions constituted a *de minimis* injury, stating, "[a] physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks." *Id.* Several federal appeals courts have utilized the *Luong* test. *See Perez v. United States*, 330 Fed. Appx. 388, 389 (3d Cir. 2009); *Jarriett v. Wilson*, 162 Fed. Appx. 394, 401 (6th Cir. 2005). *But see Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (finding that "[*Luong*] requires too much," but an any-injury standard is "too little").

Judge Bryant correctly noted that Plaintiff's complaint did not identify any specific injuries suffered during the attack. Plaintiff's complaint states that Inmate Evans entered his cell and placed him in a headlock. The complaint does not allege that Plaintiff suffered any injuries from this incident. However, Plaintiff makes three arguments that he has identified injuries suffered in the attack.

Plaintiff argues first that his complaint identified injuries in the "relief sought" section,

where Plaintiff stated that he sought punitive damages related to "emotional damages, mental damages, medical damages, pain and suffering." (ECF No. 2). The Court finds that stating broad categories of damages is not sufficient to identify specific, compensable injuries. Thus, the Court finds that Plaintiff did not identify any specific injuries in his complaint's relief section.

Plaintiff also argues that he testified about his injuries when Defendants took his deposition. However, Plaintiff has not attached relevant excerpts from the deposition to his objections and the deposition transcript is not otherwise found within the record. Thus, the Court finds that this argument does not show that Plaintiff identified injuries suffered during the attack.

Finally, Plaintiff attaches to his objections an affidavit that, among other things, discusses his injuries. Plaintiff states that because of the attack, he suffers from a pinched nerve in his neck, for which he takes daily medication. Plaintiff also states that Inmate Evans scratched his eye during the attack, which has caused him pain. Plaintiff states further that he has suffered from mental and emotional pain and suffering from "constant threats of violence" from Inmate Evans after the attack.

Although Judge Bryant did not have the benefit of considering Plaintiff's affidavit, the Court will consider it here. Plaintiff states that he takes daily medication for the pinched nerve, and the Court finds that an injury that a medical-care professional diagnosed and prescribed medicine for, and which has persisted for over two months, is a compensable injury. The Court finds that the record is not sufficiently developed to determine whether this is a compensable injury, but the Court will assume that it is for purposes of this order. However, the Court is not persuaded that Plaintiff has shown that his scratched eye and his mental injuries are more than *de minimus*. Plaintiff does not allege that he sought or received medical care for his scratched eye. Although Plaintiff states that his scratched eye caused him pain, he does not state whether and for

how long the pain persisted after the attack, or whether his vision suffered any effects due to the scratch. Plaintiff's claims of mental and emotional pain and suffering are insufficient for the same reasons. Plaintiff does not state how, specifically, he was harmed mentally and emotionally, and does not state that he sought or received medical care for his mental injuries. Thus, the Court finds that Plaintiff's scratched eye and his mental injuries are *de minimus*. Because the Court assumes for purposes of this Order that Plaintiff's pinched nerve in his neck is a compensable injury, the Court must now turn to the question of whether Plaintiff fully exhausted his administrative remedies with respect to Defendant Zavadil.

### 2. Failure to Exhaust

As Judge Bryant noted, Plaintiff named Defendant Zavadil in a June 10, 2016 informal resolution, stating that Defendant Zavadil failed to prevent Inmate Evans from entering Plaintiff's cell and attacking him. This form was marked received on June 16, 2016 by Sergeant Joshua Doles, whose response stated that Plaintiff would receive a disciplinary hearing, and that he could appeal to the warden if he disagrees with the findings of the disciplinary officer.

Under 42 U.S.C. § 1997e(a), exhaustion of administrative remedies is mandatory before an inmate may bring a section 1983 action. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks omitted); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly*."). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549

U.S. at 218. To fully exhaust administrative remedies, an ADC inmate must: (1) file an informal resolution form; (2) file a grievance if the informal resolution attempt is unsuccessful; and (3) appeal the denial of that grievance to the ADC Deputy/Assistant Director. (ECF No. 13-1). An inmate's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

However, inmates are only required to exhaust all "available" remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002). "Inmates are excused from exhausting remedies when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." *Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015) (internal quotation marks omitted). Grievance procedures have been found to be unavailable when prison officials fail to respond to requests for grievance forms, fail to timely respond to grievances, or refuse to respond to grievances at all. *Id.* (collecting cases).

It is undisputed that Plaintiff filed an informal resolution on June 10, 2016. Sergeant Doles' response to the informal resolution indicated that Plaintiff would receive a disciplinary hearing. After receiving an unsatisfactory response to his informal resolution, Plaintiff's next step in the ADC grievance procedure was to file a formal grievance. However, Plaintiff did not do so. Plaintiff argues that this is because he was told that he should not file a grievance because he would be going to disciplinary court. However, even if true, this does not amount to prison officials preventing Plaintiff from exhausting his remedies. *See Overton v. Davis*, 460 F. Supp. 2d 1008, 1010 (S.D. Iowa 2006) (finding that remedies were available to an inmate who was told by prison officials that the complained-of issue was outside of the prison grievance process and that it was non-grievable). Plaintiff received a timely response to his informal resolution, so it cannot be said

8

that the ADC officials refused to respond.[3] The response stated that Plaintiff would receive a disciplinary hearing, but it did not tell Plaintiff that he could or should not continue the grievance procedure by filing a formal grievance.

The Court finds that Sergeant Doles' response to the informal resolution was not a denial of Plaintiff's right to utilize the grievance procedure and was not misleading as to the availability of the grievance procedure. Although Plaintiff might have believed that there was no point to filing a formal grievance, "[section] 1997e(a) does not permit the court to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are 'available.'" *Lyon*, 305 F.3d at 809; *see also Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (finding that an inmate failed to exhaust administrative remedies when he did not file a grievance because the warden told him he would take care of the issue). Instead, the Court must ask whether administrative remedies were available to Plaintiff, and the Court finds that they were. Plaintiff was aware of the ADC grievance policy, had access to grievance forms, and pursued the grievance procedure through the first, informal-resolution stage. However, he did not attempt to move to the second, formal-grievance stage or ultimately complete the grievance procedure. Therefore, Plaintiff did not fully exhaust his administrative remedies as to his claim against Defendant Zavadil. Now the Court must determine whether any exception applies to excuse Plaintiff's failure to exhaust.

Plaintiff argues in the alternative that he is not required to name Defendant Zavadil in any

---

[3] Judge Bryant briefly expressed concern over the fact that the informal resolution was not assigned a grievance number. However, this fact is not dispositive to the issue. The ADC grievance policy provides that the ADC official who receives an inmate's informal resolution must only sign and date the form. A grievance number is not assigned until after the inmate proceeds to step two of the grievance procedure and files a formal grievance. In this case, Plaintiff filed an informal resolution, which Sergeant Doles signed and dated. The form does not have an assigned grievance number because Plaintiff did not fill out the corresponding information and re-submit the form as a formal grievance, per ACD policy.

grievance because Defendant Zavadil's challenged conduct falls outside of the ADC's grievance procedure. The ADC grievance procedure states that the following issues are grievable:

1. A policy applicable within his or her unit/center of assignment that personally affects the inmate;
2. A condition in the facility that personally affects the inmate;
3. An action involving an inmate(s) of his or her facility that personally affects the inmate;
4. An action of an employee(s), contractor(s), or volunteer(s) at his or her facility that personally affects the inmate; or
5. An incident occurring within his or her facility that personally affects the inmate.

The ADC grievance procedure also outlines several non-grievable issues:

1. Parole;
2. Release;
3. Transfer;
4. Job Assignments unless in conflict with medical restrictions;
5. Disciplinaries;
6. Anticipated Events (i.e., events or activities which may or may not occur in the future);
7. Matters beyond the control of the Department of Correction, including issues controlled by State or Federal law or regulation;
8. Rejection of a publication.

(ECF No. 13-1). Plaintiff argues that Defendant Zavadil's conduct falls within the "Disciplinaries" and "Anticipated Events" non-grievable issues outlined in the ADC grievance procedure. Thus, Plaintiff argues that because ADC policy does not allow him to file grievances as to these non-grievable issues, he was unable to exhaust his administrative remedies because there was no remedy available to pursue. Plaintiff concludes that this excuses his failure to exhaust as to Defendant Zavadil.

In making this argument, Plaintiff challenges two separate actions by Defendant Zavadil: that Defendant Zavadil failed to anticipate and be present at the time the attack occurred, and that

10

Defendant Zavadil gave Plaintiff a disciplinary for engaging in the fight with Inmate Evans.[4] The Court is not persuaded that the first challenged action constitutes "Anticipated Events." The "Anticipated Events" provision, by its plain language, operates to prevent inmates from filing grievances concerning events that may or may not happen to the inmate in the future. Plaintiff has made no argument and presented no authority that this provision also includes a claim that a prison guard failed to anticipate an event that did occur. Thus, the Court declines to expand the ADC grievance procedure's "Anticipated Events" provision, and finds that the provision does not include Plaintiff's failure-to-protect claim against Defendant Zavadil.

Thus, the Court finds that Plaintiff did not exhaust his administrative remedies as to Defendant Zavadil before he filed this lawsuit, and no exceptions apply to excuse the failure to exhaust. Dismissal is therefore mandatory, and Plaintiff's claim against Defendant Zavadil must be dismissed without prejudice. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (stating that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory").

**B. Defendants Hosman, Arnold, McGhee, and King**

Judge Bryant found that Plaintiff failed to exhaust his administrative remedies with respect to his claims against Defendants Hosman, Arnold, McGhee, and King. Specifically, Judge Bryant

---

[4] Plaintiff appears to, for the first time, claim that Defendant Zavadil wrongfully gave him a disciplinary for his role in the fight. Plaintiff's complaint makes no mention of this, and the Court cannot find any other such argument within the record. Thus, the Court believes that this claim is improperly presented. However, the Court will nonetheless consider the claim. Plaintiff appears to be correct that he would be unable to grieve regarding a wrongful disciplinary written by Defendant Zavadil, as "disciplinaries" are described in the ADC grievance policy as non-grievable. Assuming *arguendo* that Plaintiff did properly assert a claim that Defendant Zavadil wrongfully gave him a disciplinary, Plaintiff would have been unable to exhaust his administrative remedies as to that claim, and would be excused from the requirement to do so. However, the claim nonetheless fails because the filing of a disciplinary charge is not actionable under section 1983 unless the disciplinary was filed in retaliation for an inmate's exercise of a constitutional right. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). Plaintiff does not argue that Defendant Zavadil gave him a disciplinary in retaliation for his exercise of a constitutional right. Thus, this claim fails, and the Court will not address it further in this section.

11

found that Plaintiff failed to name any of these Defendants in any grievance, exhausted or not. Plaintiff objects to this finding, arguing that the conduct of each Defendant falls outside of ADC's grievance policy, and thus Plaintiff was not required to exhaust his administrative remedies prior to bringing these claims.

As discussed above, "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones*, 549 U.S. at 218. The ADC's grievance procedure, which Plaintiff must follow to fully exhaust his remedies, requires that inmates must identify the personnel involved in the issue being grieved. It appears to be undisputed that Plaintiff did not exhaust—or even file—a grievance that named Defendants King, Arnold, Hosman, and McGhee. However, Plaintiff argues that he was not required to file a grievance regarding Defendants King, Arnold, Hosman, and McGhee, because their conduct at issue falls outside of the ADC's grievance procedure. The ADC grievance policy provides that certain issues are non-grievable, including transfer and disciplinaries. Plaintiff argues that Defendants Hosman, Arnold, King, and McGhee engaged in conduct that falls under one or more of the non-grievable issues contemplated by the ADC grievance procedure, excusing his failure to exhaust.

Plaintiff argues that Defendants Hosman and Arnold were involved with the decision to transfer Plaintiff and Inmate Evans together to the ADC – Wrightsville Unit at some time after the fight between the two. Plaintiff states that this is a non-grievable "Transfer" issue, per the ADC grievance procedure. However, Plaintiff's claims against Defendants Hosman and Arnold do not focus around Plaintiff seeking a transfer, or their denial of a transfer request. Instead, the essence of Plaintiff's claims against Defendants Hosman and Arnold are that they failed to protect him by transferring him and Inmate Evans to the same ADC facility, despite knowledge of the animosity

12

between the two. "[A]n Eighth Amendment failure-to-protect claim . . . is a grievable matter." *Sherman v. Norris*, No. 5:07-cv-0206-JMM-JTR, 2008 WL 341351, at *3 (E.D. Ark. Feb. 5, 2008); *see also Williams v. Budnik*, No. 5:16-cv-0086-BRW-JJV, 2016 WL 4414833, at *2 (E.D. Ark. July 29, 2016) (finding that an inmate's grievance requesting a transfer due to guards' failure to protect him was a grievable failure-to-protect matter rather than a non-grievable transfer matter), *report and recommendation adopted sub nom. Williams v. Warden*, No. 5:16-cv-0086-BRW-JJV, 2016 WL 4411503 (E.D. Ark. Aug. 16, 2016). Thus, the Court finds that Plaintiff was required to exhaust his remedies with respect to his failure-to-protect claims against Defendants Hosman and Arnold, and that he did not do so. Accordingly, these claims must be dismissed. *See Johnson*, 340 F.3d at 627.

Plaintiff also argues that Defendant McGhee wrote him a major disciplinary under false pretenses, and that Defendant King delivered the disciplinary to Plaintiff's cell.[5] Thus, Plaintiff states that both are non-grievable "Disciplinary" issues, per the ADC grievance procedure. Plaintiff appears to be correct that he would be unable to grieve regarding a wrongful disciplinary charge written by Defendant McGhee and delivered by Defendant King, as "Disciplinary" issues are listed in the ADC grievance procedure as non-grievable. Plaintiff would have been unable to exhaust his administrative remedies as to these claims, and would be excused from the requirement to do so. However, the claims nonetheless fail because the filing of a disciplinary charge is not actionable under section 1983 unless the disciplinary was filed in retaliation for an inmate's exercise of a constitutional right. *Sprouse*, 870 F.2d at 452. Plaintiff does not argue that Defendants McGhee and King gave him a disciplinary in retaliation for his exercise of a

---

[5] Plaintiff cites no legal authority for the argument that Defendant King's conduct—merely delivering to Plaintiff a disciplinary charge written by someone else—constitutes writing a false disciplinary charge. Although the Court is inclined to believe that it is not, for purposes of this Order, the Court will assume that it does.

13

constitutional right.  Accordingly, Plaintiff's claims against Defendants McGhee and King fail, and should be dismissed.

### III.  CONCLUSION

For the reasons discussed above, the Court adopts the Report and Recommendation, with exception of its rationale as to why Plaintiff's claim against Defendant Zavadil should be dismissed.  Accordingly, Defendants' Motion for Summary Judgment (ECF No. 13) is hereby **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's claims against Defendants Terry L. Zavadil, Jacob K. King, Major P. Arnold, J. Hosman, and Steven McGhee are hereby **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's claim against Defendant Terrie L. Banister remains in this case.  Defendant Banister is directed to submit a second summary judgment motion on the issue of Plaintiff's disciplinary charge claim.  Plaintiff will receive an opportunity to respond to the second summary judgment motion.

**IT IS SO ORDERED**, this 14th day of August, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge