IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AVERY GARDNER                                                                    PLAINTIFF

v.                                    Civil No. 6:16-cv-6108

TERRIE BANISTER                                                                  DEFENDANT

## **ORDER**

Currently before the Court is Plaintiff Avery Gardner's failure to obey a Court Order. Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.

On August 31, 2017, Defendant Terrie Banister filed a Second Motion for Summary Judgment. (ECF No. 35). On September 19, 2017, the Court entered an Order directing Plaintiff to respond to the Second Summary Judgment Motion by October 3, 2017. (ECF No. 39). The Court's September 19, 2017, Order advised Plaintiff that failure to respond to the Summary Judgment Motion could subject this case to dismissal. On October 19, 2017, the Court extended Plaintiff's time to respond to the Summary Judgment Motion until November 2, 2017. (ECF No. 44). As of the date of this Order, Plaintiff has not filed a Response to the Second Motion for Summary Judgment.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro*

*se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with the Court's Order directing him to respond to Defendant's Second Summary Judgment Motion. Plaintiff has also failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Plaintiff's Complaint should be dismissed for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of March, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge